SA25CA0128 FB
RECEIVED
FEB -6 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

MATTHEW ANDREW GARCES
Plaintiff,

v.

UNITED STATES OF AMERICA DEPARTMENT OF JUSTICE CIVIL RIGHTS DIVISION, STATE OF TEXAS, CITY OF SAN ANTONIO, BEXAR COUNTY, BEXAR COUNTY COMMUNITY SUPERVISION AND CORRECTIONS DEPARTMENT, CSO ADULT PROBATION OFFICER JASON WOOLF, OFFICER CHARLES KIMBROUGH, BEXAR COUNTY DISTRICT COURT 12 JUDGE YOLANDA HUFF, IVAN FRIEDMAN, MONICA GUERRERO,
Defendants.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, RESTITUTION, AND EQUITABLE RELIEF

Plaintiff, a citizen of the United States of America, for his complaint against Defendants, alleges as follows:

NATURE OF THE ACTION

1. This is a civil rights action brought under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., to redress Defendants' violations of Plaintiff's civil rights protections, right to adequate criminal defense or representation (6th Amendment), and the right to no cruel and unusual treatment (8th Amendment).

PARTIES, JURISDICTION, AND VENUE

2. The Plaintiff is a disabled nurse and small business owner residing in Bexar County, Texas.

3. The Defendants are United States of America's Department of Justice Civil Rights Division, State of Texas, City of San Antonio, County of Bexar, Bexar County Community Supervision and Corrections Department, CSO Adult Probation Officer Jason Woolf, Officer Charles Kimbrough, Bexar County District Court 12 Judge Yolanda Huff, Ivan Friedman, and Monica Guerrero.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

FACTUAL ALLEGATIONS

6. From his appointment sometime in 2020 to Plaintiff's criminal cases until now, Mr. Friedman did nearly nothing requested of him for Plaintiff's defense against false allegations.

7. Plaintiff is a disabled nurse and small business owner, however, due to his deteriorating health conditions he is waiting for the approval of his disability benefits through the Social Security Administration to be able to financially support himself.

8. Plaintiff had a lower back surgery on September 23, 2024, and was a victim of a motor vehicle accident on October 9, 2024, which caused additional damage to Plaintiff's neck and lower back.

9. On April 27, 2022, Plaintiff received an email from his court appointed attorney who stated several obstacles in his path to adequately defend me. This is when Plaintiff requested Mr. Friedman communicate these obstacles to the presiding judges with the intention of having him removed as Plaintiff's legal criminal defense representation to allow for another willing and capable attorney.

10. On July 27, 2023, Plaintiff provided his probation officer, Mr. Woolf, with the prescription he received from his physician, Dr. Alan Tran, to treat Plaintiff's Post Traumatic Stress Disorder symptoms with medicinal cannabis which is verified in the Supplement Report. The prescription renewal was emailed to Officer Woolf July 8, 2024.

11. On June 27, 2024, this un-named Bexar County employee refused to identify himself when Plaintiff asked him several times which was captured on video via Plaintiff's cellphone.

12. On June 27, 2024, Plaintiff notified his court appointed criminal defense attorney, Monica Guerrero, to inform her via email of violations of my civil rights.

13. On July 3, 2024, Plaintiff received a Case Setting Form via email from Officer Woolf for his request for a Compliance, Pre MTR court appointment scheduled for July 17, 2024, at 9:00 AM CST due to Plaintiff's request for Officer Woolf's coworker's name/badge number. Officer Woolf scheduled this appointment in retaliation for Plaintiff defending his service animal from vulgar insults which came from his coworker's mouth.

14. On July 4, 2024, Plaintiff emailed Officer Woolf requesting the name and badge number of his colleague who committed a state and federal crimes when he failed to identify himself when asked, however, Plaintiff was just met with more retaliation.

15. On July 8, 2024, Probation Officer Woolf was advised by Charles Kimbrough to file a motion to revoke Plaintiff's probation if I refused to sign the document despite it conflicting with several facts in a Supplemental Report filed with Bexar County Court 12 on February 7, 2024.

16. On July 8, 2024, Plaintiff notified his legal representative of his upcoming court appointment. Ms. Guerrero's exact words to her client was "It is just a compliance hearing. Show the judge your video and you should he fine."

17. On July 17, 2024, Bexar County Court 12 Judge Yolanda Huff ordered me to discontinue my prescription for medicinal cannabis. Monica Guerrero also failed to appear before the Bexar County Court 12 to defend her client, now the Plaintiff.

18. Ms. Guerrero did not bother to show up to my court appointment on July 17, 2024. Ms. Guerrero also admitted via text message to hiring an inferior private investigator for Plaintiff's criminal cases which violates Plaintiff's civil right to adequate legal representation.

19. After the Plaintiff defended himself with federal law to body autonomy when it comes to an American citizen's healthcare, she stated that the Plaintiff "you make me so mad".

20. Judge Huff informed Plaintiff that she presides over the mental health court and again I had to remind Judge Huff that my case is not in her mental health court. She became visibly angrier and also issued a verbal order to discontinue my Dronabinol prescription as well.

21. Judge Huff proceeded to threaten Plaintiff with the separation from his service animal, Zion Grayson Garces, revocation of Plaintiff's probation and incarceration which caused Plaintiff to have a panic attack with tears and chest pain.

22. On July 17, 2024, Plaintiff contacted the Department of Justice, report number 480287-MMS, to inform the D.O.J. of Judge Yolanda Huff's illegal orders.

23. On July 18, 2024, Plaintiff sent his completed and signed sworn complaint form to the Texas State Commission on Judicial Conduct regarding a Texas County District Court Judge who is violating the United States of America's Constitution per Ms. Guerrero's legal advice.

24. On July 24, 2024, the DOJ response to my complaint is "We receive several thousand reports of civil rights violations each year and cannot take direct action on every report."

25. On October 28, 2024, Plaintiff was threatened with the revocation of his probation and incarceration if he did not sign a document created by his Bexar County CSO Officer, Jason Woolf.

26. On October 28, 2024, Plaintiff signed a document titled "Status Report for Consideration for Extension" under the threat of imprisonment. This document conflicts with the Supplement report signed previously on January 29, 2024.

27. Officer Woolf discontinued all of Plaintiff's handicap/disability accommodations, i.e. Zoom check-ins and mouth swab drug screenings.

28. Plaintiff is being falsely accused of testing positive for amphetamines on 3 separate occasions. However, Plaintiff had his primary care physician order drug screenings in August of 2024 and October of 2024 to be performed by Quest Diagnostics Inc. to prove Plaintiff's claim of only taking his prescribed medications. Officer Woolf is rejecting the provided evidence.

29. On February 4, 2025, Plaintiff signed a legal document titled "Order Amending Conditions of Community Supervision", despite disagreeing with the reasons given for the extension of his probation as well as the court's requirements due to fears of retaliation by this Judicial System.

CLAIMS FOR RELIEF
FIRST CLAIM FOR RELIEF
(Violation of the Americans with Disabilities Act)

30. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

31. Defendants' actions, as described above, constitute a violation of the ADA, 42 U.S.C. §§ 12101 et seq.

SECOND CLAIM FOR RELIEF
(Violation of the Right to Adequate Criminal Defense or Representation)

32. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

33. Defendants' actions, as described above, constitute a violation of Plaintiff's right to adequate criminal defense or representation under the Sixth Amendment of the United States Constitution.

THIRD CLAIM FOR RELIEF
(Violation of the Right to No Cruel and Unusual Treatment)

34. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

35. Defendants' actions, as described above, constitute a violation of Plaintiff's right to no cruel and unusual treatment under the Eighth Amendment of the United States Constitution.

DEMAND FOR JURY TRIAL

36. Plaintiff demands a trial by jury on all issues so triable.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Compensatory damages in the amount of $10,000,000.00;

B. Injunctive relief;

C. Declaratory judgment;

D. Restitution;

E. Equitable relief;

F. Costs of suit;

G. Attorney's fees;

H. Such other and further relief as the Court deems just and proper.

Dated this 6th day of February, 2025.

*/s/ Matthew Garces*

MATTHEW ANDREW GARCES
Plaintiff